AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y
★ AUG 04 2011 ★
LONG ISLAND OFFICE

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

UNITED STATES OF AMERICA (Amended Final) JUDGMENT IN A CRIMINAL CASE

V.

BARRY DRAYER

Case Number: CR-02-0767(S2)-03 (ADS)

USM Number: 24323-038

Richard D. Haley, Esq. (Legal Advisor)/Steven Tiscone, AUSA
Defendant's Attorney

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

X was found guilty on count(s) 1,2-6,7 (SEVEN COUNT SUPERSEDING INDICTMENT).
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:371 | CONSPIRACY TO COMMIT BANK FRAUD AND WIRE FRAUD, a Class D Felony | | 1 |
| 18:1344 and 2 | BANK FRAUD, Class B Felonies | | 2-6 |
| 18:1956(H),(A)(a)(i)(a)(1)(b)(I) | CONSPIRACY TO LAUNDER FUNDS DERIVED FROM BANK FRAUD AND WIRE FRAUD, a Class C Felony | | 7 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s) COUNTS AND INDICTMENTS ☐ is X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 19, 2010
Date of Imposition of Judgment

/s/

Signature of Judge

HONORABLE ARTHUR D. SPATT, U.S.D.J.
Name and Title of Judge

August 4, 2011
Date

DEFENDANT: BARRY DRAYER
CASE NUMBER: CR-02-0767(S2)-03 (ADS)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

COUNT ONE: SIXTY (60) MONTHS (STATUTORY MAXIMUM). COUNT TWO THROUGH SEVEN: ONE HUNDRED FOURTEEN (114) MONTHS TO RUN CONCURRENT TO COUNT ONE FOR A TOTAL OF ONE HUNDRED FOURTEEN (114) MONTHS.

X The court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFENDANT BE GIVEN CREDIT FOR TIME ALREADY SERVED FROM JUNE 21, 2002 THROUGH JUNE 25, 2002 AND JUNE 27, 2002 THROUGH JULY 8, 2002 AND FROM JULY 23, 2007 TO THE PRESENT DATE. THAT THE DEFENDANT SERVE HIS SENTENCE AT THE FEDERAL CAMP IN DEVINS, MASS. TO BE NEAR HIS FAMILY.

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:         BARRY DRAYER
CASE NUMBER:    CR-02-0767(S2)-03 (ADS)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

THREE (3) YEARS.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: BARRY DRAYER
CASE NUMBER: CR-02-0767(S2)-03 (ADS)

# ADDITIONAL SUPERVISED RELEASE TERMS

1. THE DEFENDANT SHALL PAY RESTITUTION IN THE SUM OF FOUR MILLION THREE HUNDRED THIRTY EIGHT THOUSAND NINE HUNDRED FORTY DOLLARS AND SEVEN CENTS ($4,338,940.07) TO THE CLERK OF THE COURT, 100 FEDERAL PLAZA, CENTRAL ISLIP, NY 11722 AT A RATE OF 10% OF HIS GROSS MONTHLY INCOME EVEN AFTER THE TERM OF SUPERVISED RELEASE HAS TERMINATED UNTIL THE FULL AMOUNT OF RESTITUTION IS PAID. PAYMENTS SHALL COMMENCE SIXTY (60) DAYS AFTER THE DEFENDANT'S RELEASE FROM IMPRISONMENT. A LIST OF THE VICTIMS IS ATTACHED TO THIS JUDGMENT AND CONVICTION ORDER AS APPENDIX "A".

2. THE DEFENDANT IS SUBJECT TO THE STIPULATION AND PRELIMINARY ORDER OF FORFEITURE SIGNED ON JANUARY 12, 2007 AND IS ATTACHED TO THIS JUDGMENT AND CONVICTION ORDER.

3. THE DEFENDANT SHALL NOT SEEK EMPLOYMENT INVOLVING BROKERING FINANCIAL DEALS FOR DOCTORS.

DEFENDANT: BARRY DRAYER
CASE NUMBER: CR-002-0767(S2)-03 (ADS)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ | $ N/A | $ 4,338,940.07 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| See attached Appendix "A" | | $4,338,940.07 | |
| **TOTALS** | $ 0 | $ 4338940.07 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Appendix "A"

| Victim Institution | Restitution Amount |
|---|---|
| Alfalfa County Bank | $30,989.95 |
| Alliance Bank | $0 |
| American State Bank & Trust Co. | $16,988.40 |
| American Savings Bank, FSB | $31,947.11 |
| American Express (formerly First Sierra) | $1,622,000.00 |
| Banker's Healthcare Group, Inc. | $331,170.63 |
| Bank of Dade | $13,412.50 |
| Bank Center First | $28,790.34 |
| Bank North, NA | $156,305.50 |
| Bluestem National Bank | $6,095.33 |
| CIT Group, Inc. | $435,162.80 |
| Citizens National Bank | $2,085.33 |
| City National Bank (San Saba, TX) | $21,123.55 |
| Community National Bank | $228,283.49 |
| Dime Savings Bank of Norwich | $72,796.00 |
| East Prospect State Bank | $20,306.20 |
| Farmers Bank & Trust, NA | $60,200.43 |
| First Community Bank of Taney County | $42,188.87 |
| First National Bank of Smith Center (Kansas) | $10,270.75 |
| First Security Bank of Missouri | $26,078.88 |
| First State Bank of Munich | $6,797.29 |
| Frontier Bank | $28,447.37 |
| Highland Lakes Bank | $104,096.57 |
| Monroe Federal Savings Bank | $66,842.19 |
| Mutual Federal Savings Bank | $28,504.70 |
| North Brookfield Savings Bank | $24,776.77 |
| Northwest Bank | $44,620.42 |

| | |
|---|---:|
| People's Bank | $0 |
| People's Bank of Ohio | $78,193.12 |
| Polonia Bank | $32,913.05 |
| Provident Bank | $7,118.51 |
| River City Bank | $91,102.29 |
| Sand Ridge Bank | $8,385.26 |
| The Bank of Tioga | $34,850.85 |
| The First National Bank of Jeffersonville | $56,659.60 |
| The People's State Bank of Newton Illinois | $12,516.58 |
| The Savings Bank of Manchester | $7,336.83 |
| The Washington Trust Co. | $59,746.58 |
| Third Federal Savings Bank | $99,760.03 |
| United Bank, Inc. | $1,576.10 |
| First Victoria National Bank | $30,578.32 |