UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
BARRY DRAYER,

               Petitioner,

      -against-

UNITED STATES OF AMERICA,

               Respondent.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**

15-cv-6309 (JMA)
02-cr-0767 (JMA)

FILED
CLERK

11:21 am, Dec 22, 2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

Barry Drayer
136 Hillside Avenue
Needham Heights, MA 02494
    *Pro Se*

Breon Peace
  United States Attorney
Charles N. Rose
   Assistant United States Attorneys
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
    *Attorneys for the United States*

**AZRACK, United States District Judge:**

Currently before the Court is a petition filed by Barry Drayer ("Drayer" or the "Petitioner")

to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. (See

Motion to Vacate, ECF No. 765 (the "Petition")). The government objects to the Petition, except

does not object to reducing Drayer's ordered restitution by a sum of $357,921.58 due to a clerical

error. (Government's Response Brief in Opposition ("Gov't Resp."), ECF No. 780.) For the

reasons set forth below, the Petition is **DENIED** except Drayer's ordered restitution is reduced by

$357,921.58.

## I.     BACKGROUND

On February 17, 2006, a jury convicted Petitioner of conspiracy to commit bank and wire fraud, conspiracy to launder funds and five counts of bank fraud in violation of Title 18, United States Code, Sections 371, 1956(h) and 1344, respectively.  (ECF No. 405.)  The late Hon. Arthur D. Spatt sentenced Petitioner to two concurrent sentences of 138 months incarceration and ordered him to pay $7,973,524.87 in restitution.  (ECF No. 541; ECF No. 780-1, July 19, 2007 Hearing Transcript.)

Petitioner appealed his sentence and conviction.  In relevant part, Drayer argued that his restitution should be reduced based on a victim's restitution fund that Bank of New York ("BNY") funded in connection with the fraud.  Part of Drayer's fraud involved a misleading BNY escrow agreement.  In connection with that fraud, BNY agreed to fund a victim restitution fund overseen by the United States Attorney's Office for the Eastern District of New York.  (2010 Second Circuit Order, ECF No. 652-5 at 10; 2012 Second Circuit Order, 759 at 5-6.)  Some of the victims were entitled to restitution from both Drayer and the BNY fund.  As to those victims, the government conceded that Drayer's ordered restitution should be reduced based on the amount that the victims received from the fund.  The Second Circuit vacated the restitution order and remanded for the purpose of determining to what extent those reductions applied.  (ECF No. 652-5 at 10.)

At a hearing regarding Drayer's resentencing, the parties stipulated to the proper reductions to apply to the restitution order.  (ECF No. 780-2, Oct. 1, 2010 Hr'g Tr. at 23:22-24.)  The parties also stipulated that the proper restitution sum was $4,338,940.07.  (Id. at 41:16-42:3.)  Drayer specifically stipulated that this restitution sum was correct.  (Id.; ECF No. 780-3, Nov. 19, 2010 Resentencing Tr. at 7:15-8:7.)  Judge Spatt imposed a restitution order in accordance with that sum and directed the government to provide a breakdown of how the restitution was to be dispersed.

(Nov. 19, 2010 Resentencing Tr. at 33:21-34:10.)  On April 20, 2011, the government then filed a breakdown identifying the proper disbursements for 41 victim banks, which the Court so ordered in its final judgment on May 23, 2011.   (ECF Nos. 750, 753.)  On August 4, 2011, the judgment was amended in order to correct improper pagination and an incorrect date of imposition in the May 23, 2011 judgment.  (ECF No. 757, "Court's Final Judgment".)

On February 11, 2011, Drayer filed a Section 2255 petition claiming ineffective assistance of counsel.  (See 11-cv-00753-ADS at ECF No. 1.)  On February 4, 2013, Petitioner filed a motion for discovery and a motion to amend his 2255 petition by adding additional exhibits.  (11-cv-00753-ADS, ECF No. 27.)  On October 3, 2014, Judge Spatt denied Petitioner's 2255 petition, motion for discovery, and motion to amend.  (11-cv-00753-ADS, ECF No. 35.)  Petitioner filed an appeal which the Second Circuit denied on December 30, 2015.  (11-cv-00753-ADS, ECF No. 41.)

Following his resentencing, Drayer again appealed the ordered restitution.  On December 21, 2012, the Second Circuit denied this appeal in full finding that all of Drayer's claims on the issue of restitution either were or should have been raised during his first appeal.  (2012 Second Circuit Order, ECF No. 759 at 4.)

Drayer was released from custody on October 16, 2015[1].  On October 28, 2015, Drayer filed the instant Petition asking the Court to vacate his restitution order.  Specifically, he argues that the total number of banks incorporated into the Court's Judgment is incorrect and should be 25 banks not 41 banks, and that he is entitled to credits for alleged improper disbursements to certain banks, specifically, Northwest Bank and Bank North. (Petition at 2-3, 7, 11-13.)  On March

---

[1]   See BOP Inmate Locator,
https://www.bop.gov/inmateloc/;jsessionid=32CBF5A35F885F081B94671B9CFAED99.

29, 2018, the government filed an opposition to the Petition (Gov't Opp.) and Petitioner then filed

a reply and additional exhibits, (ECF Nos. 783, 784.)  On June 29, 2020, this case was reassigned

to the undersigned.

## II.      DISCUSSION

### A. Applicable Law

Section 2255 permits a prisoner in custody to move to vacate, set aside, or correct the

sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of

the United States, or that the court was without jurisdiction to impose such sentence, or that the

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

attack."  28 U.S.C. § 2255(a).  To merit relief under Section 2255, a petitioner must demonstrate

"a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that

constitutes a fundamental defect which inherently results in a complete miscarriage of justice."

Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks and citation

omitted).  The petitioner must also show that the constitutional error had "substantial and injurious

effect" that caused "actual prejudice."  Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal

quotation marks and citation omitted).  "Because collateral challenges are in tension with society's

strong interest in the finality of criminal convictions, the courts have established rules that make it

more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack."

Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks and

citation omitted)

## B. Petitioner's Claims are Procedurally Barred

Petitioner's claims are procedurally barred on two grounds: Petitioner challenges a noncustodial punishment, and he previously raised the same arguments on direct appeal of the Court's Final Judgment.

### 1. Noncustodial Punishment

First, as a general rule, "[Section] 2255 may not be used to bring collateral challenges addressed solely to noncustodial punishments like the [restitution] at issue here." Kaminski v. United States, 339 F.3d 84, 87 (2d Cir. 2003); accord Gonzalez v. United States, 792 F.3d 232, 237 (2d Cir. 2015) (reiterating that § 2255 motion generally "may not attack the non-custodial aspects of a sentence"). The Second Circuit has "left open the possibility of a restitution order imposing such a severe restraint on individual liberty as to equate to custody" but has "also observed that such situations will likely be 'rare' and, in any event, 'cannot be known' until the 'terms' of restitution, as well as the 'amount,' are set." United States v. Rutigliano, 887 F.3d 98, 106 (2d Cir. 2018) (quoting Gonzalez, 792 F.3d at 237) (citing Kaminski, 339 F.3d at 87). Following Kaminski, district courts in this Circuit have dismissed Section 2255 challenges to restitution orders including multi-million restitution orders like the one at issue here. See McEwan v. United States, 279 F.Supp.2d 462, 464 & n.1 (S.D.N.Y. 2003) (holding challenge to $6,984,000 restitution order not cognizable under § 2255 where defendant required to make payments in installments of fifteen percent of gross monthly income).

Petitioner challenges only the restitution portion of his sentence. Like the restitution order in McEwan, Petitioner's restitution order requires him to pay restitution at a rate of ten percent of his gross monthly income until the restitution is paid in full. (ECF No. 753.) Accordingly, the Court finds that Petitioner's challenge is not cognizable under Section 2255.

2.  Already Raised on Direct Appeal

Second, even if the Court were to find that Drayer could proceed under Section 2255, the Petition raises only issues regarding restitution that were already raised and dismissed by the Second Circuit on direct appeal.  In his direct appeal, Petitioner raised the issue about the number of victim banks incorporated in the Court's Final Judgment.  (See Petitioner's Feb. 2012 Appeal Brief, ECF No. 780-5 at 38, 40 (arguing the restitution breakdown "does not explain the amount that the government alleged 17 banks/lenders received that were not part of the 25 banks, that were not entitled to any credits from the $3,634,584.")  Petitioner also previously raised the arguments about improper disbursements to victim banks from the BNY Fund, and specifically argued that the two banks he identifies in the instant Petition were overpaid.  See id.  at 18, 30 (arguing that Northwest Bank was overpaid); see id.  at 8 (arguing that Bank North was overpaid).  The Second Circuit affirmed the restitution order finding that Petitioner's "challenges to the restitution order were either raised in his previous appeal or could have been raised, and are thus barred by the law of the case doctrine."  (2012 Second Circuit Order at 4.)  "It is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal." United States v. Pitcher, 559 F.3d 120, 123 (2d Cir. 2009).  Accordingly, the arguments raised by Petitioner are not eligible for reconsideration through a Section 2255 petition.

**C.  Modify Judgment**

The government explains in its opposition brief, that "due to an apparent clerical error, [the restitution] breakdown only accounted for $3,981,018.49 in payments to identified victims." (Gov't Opp. at 2.)  According to the government, it has been unable to identify an appropriate designation for the $357,921.58 sum.  Therefore, although Petitioner's claims are procedurally barred, the government does not object to reducing Drayer's restitution order by $357,921.58 so

that the total restitution amount is $3,981,018.49.  Under Federal Rule of Criminal Procedure Rule

36, such clerical errors may be corrected at the Court's discretion.

Accordingly, the Court orders that the judgment be corrected so that that the total restitution

amount is: $3,981,018.49.

### III.   CONCLUSION

For the reasons set forth above, Petitioner's motion is **DENIED**, with the exception that

the judgment is modified so that the total restitution owed is lowered to $3,981,018.49.

It is further ordered that the Clerk of the Court mark the civil case, Case No. 15-cv-3609,

closed.  The Court declines to issue a certificate of appealability because Petitioner has not made

a substantial showing that he was denied a constitutional right.  See 28 U.S.C. § 2253(c)(2).  The

Court certifies that any appeal of this Order would not be taken in good faith, and thus in forma

pauperis status is denied for the purposes of any appeal.  See Coppedge v. United States, 369 U.S.

438, 444-45 (1962).

**SO ORDERED.**

Dated:  December 22, 2021
         Central Islip, New York

                                           __/s/ (JMA)_____
                                           JOAN M. AZRACK
                                           UNITED STATES DISTRICT JUDGE